IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Steven Joseph Boudreau, | Civil Action No.: 2:12-1111-JMC-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Sheriff Phillip Thompson; Tom Fox, *Head of Jail JRLDC*; and Southern Health Care Partners, *Head of Medical at JRLDC*, | |
| Defendants. | |

The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On August 14, 2012, Defendant Southern Health Care Partners filed a Motion for Summary Judgment. (Dkt. No. 28.) By order of this court filed August 15, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. (Dkt. No. 29.) On August 30, 2012, Defendants Fox and Thompson filed a Motion for Summary Judgment. (Dkt. No. 32.) By order of this court filed August 30, 2012, pursuant to *Roseboro*, the plaintiff was again advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. (Dkt. No. 33.) Despite these explanations, the plaintiff did not respond to either motion.

As the plaintiff is proceeding *pro se*, the court filed a second order on October 11, 2012, giving the plaintiff through October 31, 2012, to file his response to the motions for summary judgment. (Dkt. No. 36.) The plaintiff was specifically advised that if he failed to respond, this action would be dismissed with prejudice for failure to prosecute. The plaintiff did not respond.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of

the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).[1]

                                      s/Bruce Howe Hendricks
                                      United States Magistrate Judge

November 1, 2012
Charleston, South Carolina

---

[1] In an order dated May 17, 2012, Plaintiff was "ordered to always keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason. . . . If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order**." (Dkt. No. 7 at 3 of 4.) Plaintiff failed to comply with this order. (See Dkt. No. 38.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).