## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Steven Joseph Boudreau, ) | |
| ) | Civil Action No. 2:12-cv-01111-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Sheriff Phillip Thompson; Tom Fox, ) | |
| Head of Jail JRLDC; and Southern ) | |
| Health Care Partners, Head of Medical ) | |
| at JRLDC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 39], filed on November 1, 2012, recommending that Plaintiff's Complaint [Dkt. No. 1] in the above-captioned case be dismissed with prejudice, in accordance with Fed. R. Civ. P. 41(b) for lack of prosecution and for failure to comply with the court's orders [Dkt. Nos. 29, 33 & 36] to reply to the Defendant Southern Health Care Partners and Defendants Tom Fox and Sheriff Phillip Thompson's respective motions for summary Jjudgement [Dkt. Nos. 28 & 32]. Plaintiff Steven Joseph Boudreau("Plaintiff"), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C.

§ 636(b)(1).

Plaintiff was advised of his right to file objections to the Report [Dkt. No.39 at 3]. However, Plaintiff filed no objections[1] to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. [Dkt. No. 39]. It is therefore **ORDERED** that Plaintiff's Complaint [Dkt. No. 1] in the above-captioned case be dismissed with prejudice, in accordance with Fed. R. Civ. P. 41(b) for lack of prosecution and for failure to comply with the court's orders.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
December 11, 2012

---

[1] The court notes that Dkt. No. 41 indicates that the Report, previously mailed to Plaintiff on November 1, 2012, was returned as undeliverable on November 21, 2012. All parties have a duty to maintain a current address with the court.

2